James Leonard Brown, Esq. - SBN 40702
jameslbrownlaw@yahoo.com
LAW OFFICE OF JAMES LEONARD BROWN, APC
5900 Wilshire Boulevard, Suite 2645
Los Angeles, CA 90036-5028
Telephone: 213-251-2332
Facsimile: 213-607-1456

Attorneys for Plaintiffs, ERNEST EVANS,
THE LAST TWIST, INC., and THE ERNEST
EVANS CORPORATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ERNEST EVANS, an individual, THE LAST TWIST INC., a Pennsylvania for Profit Company and THE ERNEST EVANS CORPORATION, a Pennsylvania for Profit Company,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, a Delaware for Profit Company, and PALM, Inc, a Delaware for Profit Company,<br><br>Defendants. | Case No.: 13-cv-02477-JCS<br>*Assigned to Magistrate Judge Joseph C. Spero*<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, ERNEST EVANS, THE LAST TWIST INC., and THE ERNEST EVANS CORPORATION (hereinafter collectively "Plaintiffs"), bring this action by and through the undersigned attorneys against Defendants, HEWLETT-PACKARD COMPANY and PALM, INC. (hereinafter collectively "Defendants"), for trademark infringement, dilution, false designation of origin, unfair competition and unauthorized use of name and likeness arising under the Trademark Act of 1946, as amended, 15 U.S.C. §1501 et seq. and the statutory and common laws of the Commonwealth of Pennsylvania, and the State of California, including but not limited to 42 Pa.C.S. § 8316 and CA CIVIL § 3344, and in support thereof allege that:

_____
AMENDED COMPLAINT
CASE NO. 13-CV-02477-JCV

**PARTIES**

1. Plaintiff, ERNEST EVANS ("Mr. Evans"), is a citizen of the Commonwealth of Pennsylvania, residing therein in the City of Conshohocken. Mr. Evans is more likely recognized by his stage name "Chubby Checker" and is internationally known as a popular music icon.

2. Plaintiff, THE LAST TWIST INC., is a corporation of the Commonwealth of Pennsylvania, with a principal place of business at 320 Fayette Street, Second Floor, Conshohocken, Pennsylvania 19428.

3. Plaintiff, THE ERNEST EVANS CORPORATION, is a corporation of the Commonwealth of Pennsylvania, with a principal place of business at 320 Fayette Street, Second Floor, Conshohocken, Pennsylvania 19428.

4. Upon information and belief, Defendant, HEWLETT-PACKARD COMPANY ("HP"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

5. Upon information and belief, Defendant, PALM, INC. ("Palm"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 950 West Maude Ave, Sunnyvale, California 94085.

6. Upon information and belief, Palm is a wholly owned subsidiary of HP.

7. Upon information and belief, HP regularly engages in business throughout the entire United States and in this judicial district.

8. Upon information and belief, Defendant Palm regularly engages in business throughout the entire United States and in this judicial district.

**JURISDICTION**

9. This Court has jurisdiction over this action under 15 U.S.C. §1121 and 28 U.S.C. § 1338 (a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§1051 et seq.

10. This Court also has jurisdiction over this action under 28 U.S.C. §1332, as there is diversity of citizenship between Plaintiffs and Defendants. In addition, the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00).

11. This Court has jurisdiction over the common law claims herein under 28 U.S.C. §1338(b), because those claims are joined with a substantial and related claim under the Trademark Act of 1946, as amended, 15 U.S.C. §§1051 et seq.

12. This Court has jurisdiction over the Defendants in this action by consent, and because each Defendant is either domiciled or maintains its principal place of business is in this judicial district, and because the Defendants regularly engage in business in this judicial district and throughout the entire United States.

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(a), by consent, because Defendants are domiciled or their principal place of business is in this judicial district, and because the Defendants regularly engage in business in this judicial district and throughout the entire United States.

14. At all times material hereto, Defendants acted by and through their agents, employees, and servants.

## BACKGROUND

*a) General*

15. Mr. Evans is a legendary musical entertainer known by his stage name "Chubby Checker." Mr. Evans first gained national prominence in 1960, when his recording of "The Twist" rose to #1 on the Billboard Magazine "Hot 100" singles chart, where it remained for eighteen (18) straight weeks. In the fall of 1961, Mr. Evans's original recording of "The Twist" reentered the "Hot 100" chart and reclaimed the #1 position by January of 1962. No other record before or since has reclaimed the #1 position after spending a period of time off the charts. Combining its 1960 run with its 1961-62 return, "The Twist" spent nine (9) months total on the "Hot 100" singles charts. In 2008,

Chubby Checker's recording of "The Twist" was selected by Billboard Magazine as the #1 all-time song on its "Hot 100" chart on the occasion of the 50th anniversary of that chart.

16. Not only was "The Twist" the #1 record twice, but Mr. Evans's performance of the song on "Dick Clark's American Bandstand" in 1960, and his continued performances of the song in other venues, including the "Ed Sullivan Show" in 1961, inspired an international dance craze in the early 1960's. Fifty years later, Mr. Evans's recording of "The Twist" and the associated dance remains a mainstay of dance parties hosted by DJs playing recorded music.

17. Mr. Evans built upon his initial success with a string of hit recordings including "Let's Twist Again," for which Mr. Evans won the first ever Grammy Award for "Best Rock Performance" in 1961, and "Pony Time," which hit #1 on the "Hot 100" chart in 1962. In the early 1960's, he was also featured in several movies, including "Twist Around The Clock" in 1961 and "Don't Knock The Twist" in 1962. More recently, he has performed "The Twist" in a 2010 episode of ABC's "Dancing on Ice," in the 2009 Rock and Roll Hall of Fame "Feelin' Alright" concert and video, in a 2007 episode of AMC's "Mad Men" and in the 2007 theatrical release "Spider-Man 3."

### b) *Trademark and Related Rights of Chubby Checker*

18. On April 21, 1998, the United States Patent and Trademark Office ("USPTO") granted to Plaintiff, THE ERNEST EVANS CORPORATION, U.S. Trademark Registration No. 2,152,510 for the mark CHUBBY CHECKER for entertainment services, namely, the rendering of entertainment services by way of personal appearances and live musical performances by Ernest Evans in International Class 041. A copy of the Certificate of Registration for U.S. Trademark Registration No. 2,152,510 is attached as **EXHIBIT "A"**.

19. On April 12, 2005, the USPTO granted to Plaintiff, THE ERNEST EVANS CORPORATION, U.S. Trademark Registration No. 2,939,351 for the mark CHUBBY CHECKER for musical sound recordings; pre-recorded CDs featuring music in International Class 009; prints, namely photographs and posters; publications, namely, souvenir concert programs, books about music and the artist known as "Chubby Checker" in International Class 016; entertainment services,

namely production of musical recordings, of musical performances, and of other presentations featuring musical performances rendered by a singer; entertainment services, namely providing information relating to musical performances, to Chubby Checker, and to his music via a global computer network; entertainment services, namely providing live musical performances, direction and production of personal musical performances of others; entertainment services, namely, touring productions featuring live musical performances by multiple artists in International Class 041. A copy of the Certificate of Registration for U.S. Trademark Registration No. 2,939,351 is attached as **EXHIBIT "B"**.

20. The "Chubby Checker" name also has been used by one or more of the Plaintiffs as a trademark for food products.

21. On May 16, 2006, the USPTO granted to Plaintiff, THE LAST TWIST INC., U.S. Trademark Registration No. 3,093,625 for the mark CHUBBY CHECKER'S for jerky, hot dogs, steaks, lamb chops, pork chops, veal chops, hamburgers and chicken in International Class 029; popped or processed popcorn, candy and chocolate in International Class 030; and spring water in International class 032. A copy of the Certificate of Registration for U.S. Trademark Registration No. 3,093,625 is attached as **EXHIBIT "C"**.

22. On May 16, 2006, the USPTO granted to Plaintiff, THE LAST TWIST INC., U.S. Trademark Registration No. 3,093,626 for the composite mark CHUBBY CHECKER'S (and design) for jerky, hot dogs, steaks, lamb chops, pork chops, veal chops, hamburgers and chicken in International Class 029; popped or processed popcorn, candy and chocolate in International Class 030; and spring water in International Class 032. A copy of the Certificate of Registration for U.S. Trademark Registration No. 3,093,626 is attached as **EXHIBIT "D"**.

23. On October 21, 2008, the USPTO granted to Plaintiff, THE LAST TWIST INC., U.S. Trademark Registration No. 3,520,994 for the composite mark CHUBBY CHECKER'S SNACKS KING OF THE TWIST FOOD PRODUCTS (and design) for jerky, hot dogs, steaks, lamb chops, pork chops, veal chops, hamburgers and chicken in International Class 029; popped or processed

popcorn, candy and chocolate in International Class 030; and spring water in International Class 032. A copy of the Certificate of Registration for U.S. Trademark Registration No. 3,520,994 is attached as **EXHIBIT "E"**.

24. On October 21, 2008, the USPTO granted to Plaintiff, THE LAST TWIST INC., U.S. Trademark Registration No. 3,520,993 for the composite mark CHUBBY CHECKER'S NEW YORK TWIST (and design) for hot dogs, steaks, lamb chops, pork chops, veal chops, and hamburger in International Class 029. A copy of the Certificate of Registration for U.S. Trademark Registration No. 3,520,993 is attached as **EXHIBIT "F"**.

25. On July 19, 2005, the USPTO granted to Plaintiff, THE LAST TWIST INC., U.S. Trademark Registration No. 2,972,350 for the composite mark CHUBBY CHECKER'S GIRL OF THE WORLD (and design) for spring water in International Class 032. A copy of the Certificate of Registration for U.S. Trademark Registration No. 2,972,350 is attached as **EXHIBIT "G"**.

26. Mr. Evans earns a living through endorsements, public appearances and performances under his stage name "Chubby Checker" and through use and licensing of the various CHUBBY CHECKER marks as do the other Plaintiffs.

    *c)* *<u>The Chubby Checker Application Maintained by HP and Palm</u>*

27. The HP App Catalog is a web-based store which sells software applications ("app" or "apps") for downloading to Palm smartphones and other hand-held computing devices running Palm's operating system(s). The App Catalog was created by, is operated, relied upon, used and maintained by HP and Palm.

28. The App Catalog offers for sale and/or free download an app named "The Chubby Checker." The web page for this app states that the app is "For Entertainment" and is advertised as a tool which enables the user to estimate the size of a man's penis based on his shoe size. Defendants knowingly and willfully advertise, market and sell the product directly in connection with Plaintiffs' CHUBBY CHECKER marks and through use of the name and persona of Mr. Evans. The name and

mark "The Chubby Checker" are made visible to the purchasing public by the Defendants in advertisements and marketing of the app, at the point of purchase and thereafter.

29. Upon information and belief, Defendants began offering the app named "The Chubby Checker" in interstate commerce on or after October 6, 2006 with actual knowledge that none of the Plaintiffs consented to the use of name "Chubby Checker," persona and/or CHUBBY CHECKER mark. Defendants' employed a specific and detailed application and approval process and knowingly decided to approve, accept, upload, host, market, advertise, sell and make provisions for the maintenance and updating of "The Chubby Checker" app.

30. Upon information and belief, Defendants had full knowledge of the icon-status of Mr. Evans and Plaintiffs' famous CHUBBY CHECKER marks when they began approving, accepting, uploading, hosting, marketing, advertising, selling and making provisions for the maintenance and updating of "The Chubby Checker" app.

31. At all times material hereto, Defendants maintained primary control of the use of the name and mark "The Chubby Checker" in connection with the approval, acceptance, uploading, hosting, advertising, marketing, downloading, sale, use and making provisions for the maintenance of the subject app, as well as the revenues generated therefrom.

32. Neither Defendant was possessed of the right to use the name and mark CHUBBY CHECKER in connection with any endorsement of a product or service. In addition to Plaintiffs' other rights, they are the sole possessors of the right to employ or license rights in the use of the name and mark CHUBBY CHECKER in connection with any endorsement of a product or service.

33. None of the Plaintiffs have ever conferred upon anyone permission to use the name, persona or mark CHUBBY CHECKER in connection with Defendants' commercial enterprise.

34. Purchasers of "The Chubby Checker" app and other products or services manufactured, licensed, advertised, marketed, or sold by the Defendants, directly or indirectly, and non-purchasing browsers of the associated webpages are being misled into believing that Plaintiffs have endorsed Defendants' app.

35. Defendants' use of the CHUBBY CHECKER name, persona, image and related marks, as well as the professional and personal reputation of Mr. Evans is driving and otherwise directly and indirectly resulting in sales of various other products which are directly or indirectly manufactured, licensed, advertised, marketed or sold by Defendants.

36. Plaintiffs have received no compensation for the unauthorized use of the CHUBBY CHECKER name, persona image and related marks, or the professional and personal reputation of Mr. Evans in connection with "The Chubby Checker" app or Defendants other products which it directly or indirectly manufactures, licenses, advertises, markets or sells.

37. On September 6, 2012, HP was notified of the infringement as well as ordered to cease and desist by Plaintiffs. As of the filing of this law suit, the infringement continues. See **EXHIBIT "H"**.

38. Plaintiffs have suffered great and irreparable harm as a direct and proximate cause of the complained of acts of Defendants, including economic harm, lost profits, embarrassment, damage to and dilution and devaluation of the CHUBBY CHECKER marks, persona, image and brand and to the personal and professional reputation of Mr. Evans and lost royalties. Although Defendants have recently claimed to have removed the subject app from their App Catalog(s), to the extent that any uses of Plaintiffs name, marks, image, persona or reputation nonetheless continue or resume, Plaintiffs harm shall escalates until enjoined by this Court. The damage and harm are heighted due to the sexually explicit manner in which Defendants have used the "Chubby Checker" name.

39. Plaintiffs have no adequate remedy at law to prevent future uses of the CHUBBY CHECKER name, marks, image, persona or the professional and personal reputation of Mr. Evans.

40. The balance of the equities and harm favor preliminary and permanent injunctive relief.

41. Defendants acts alleged herein were willful, malicious, knowing, wanton, reckless, and/or grossly negligent.

42. Plaintiffs have been forced to retain the undersigned law firms and other attorneys as a direct result of the complained of acts of Defendants, and are obligated to pay them a reasonable fee for their services in connection with this action and any related actions.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

43. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. Defendants directly contribute to and induce the unauthorized use of the name and mark CHUBBY CHECKER in connection with the app named "The Chubby Checker" which is likely to cause confusion, deception, or mistake as to the source of various goods and services and as to a connection, affiliation, relation, or endorsement by one or more of the Plaintiffs, all of which to the damage of Plaintiffs.

45. Such acts directly and indirectly constitute, willful, malicious and intentional infringement of Plaintiffs' above-identified federally registered trademarks in violation of 15 U.S.C. § 1114(1), §32(1) of the Trademark Act of 1946, as amended.

46. Defendants' infringing acts, if allowed to continue, will cause serious damage to Plaintiffs' business, goodwill and profit and will permit Defendants to enjoy profits to which it otherwise is not entitled.

## COUNT II
## FEDERAL TRADEMARK DILUTION

46. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

47. Defendants' use in interstate commerce of the name and mark CHUBBY CHECKER is a violation of the Federal Trademark Dilution Act of 1995, as amended, 15 U.S.C. 1125(c).

48. Plaintiffs' CHUBBY CHECKER marks are distinctive, have acquired secondary meaning and are famous. These marks are inherently strong and distinctive, have long been used in

connection with the goods and services on which they appear, have long been the subject of substantial advertising and promotion, have long been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use, and are federally registered, as alleged above. The unlawful acts of Defendants alleged herein were commenced and committed from a time long after Plaintiffs' marks became famous.

49. Defendants' use of the name CHUBBY CHECKER in connection with the subject "The Chubby Checker" app is likely to cause the association of Plaintiffs' marks with the obscene, sexual connotation and images evoked by Defendants' app which is being exploited in interstate commerce on the World Wide Web, thereby blurring and tarnishing Plaintiffs' marks employing CHUBBY CHECKER and the goodwill associated therewith. This blurring and tarnishing dilutes the distinctive quality of Plaintiffs' CHUBBY CHECKER marks and will harm, diminish and ultimately destroy the positive associations and view the public has of the CHUBBY CHECKER name and mark in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. Use of the name and mark CHUBBY CHECKER by Defendants has caused and will continue to cause the dilution, tarnishment and blurring of the distinctive quality of Plaintiffs' famous CHUBBY CHECKER marks, all to the irreparable injury to and damage of the Plaintiffs.

51. Upon information and belief, Defendants willfully intended to trade on Plaintiffs' reputation and to cause dilution of Plaintiffs' famous name and marks by adopting and using the name and mark CHUBBY CHECKER in their app.

## COUNT III
## FEDERAL UNFAIR COMPETITION

52. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

53. Plaintiffs' CHUBBY CHECKER marks have become uniquely associated with and thus identify only Plaintiffs. Defendants have knowingly caused the subject app to enter into interstate commerce with the designation "The Chubby Checker" connected therewith. This use of

"The Chubby Checker" by the Defendants is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendants with Plaintiffs and as to the origin, sponsorship or approval of such goods by Plaintiffs.

54. The aforesaid acts, are in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a), in that Defendants have used in connection with their goods and services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs and as to the origin, sponsorship, and approval of Defendants' goods and commercial activities by Plaintiffs.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

55. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

56. By virtue of Defendants' acts, hereinabove pleaded, Defendants have engaged in unfair competition with Plaintiffs, in violation of the common law of Pennsylvania.

57. Defendants' offering of goods under the name "The Chubby Checker" was calculated to deceive consumers and to cause consumers to believe that Defendants' goods are connected with, or sponsored by Plaintiffs.

58. Defendants' acts are being committed with the intent, purpose and effect of procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiffs at substantial effort and expense, and represented by the distinctiveness of Plaintiff' name and marks employing CHUBBY CHECKER.

59. By copying the distinctiveness of Plaintiffs' CHUBBY CHECKER name and marks, the public and consumers will be deceived as to the source and sponsorship of Defendants' goods and Defendants will obtain business it could not otherwise obtain fairly on the open market.

60. Defendants' copying the distinctiveness of Plaintiffs' CHUBBY CHECKER name

---
AMENDED COMPLAINT
CASE NO. 13-CV-02477-JCV

and the marks employing same will adversely affect Plaintiffs' ability to control their good and valuable reputation.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

61. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

62. Defendants' use of the name "The Chubby Checker" constitutes trademark infringement of Plaintiffs' CHUBBY CHECKER marks and causes likelihood of confusion, deception and mistake, and causes the purchasing public and the trade to think that Defendants' goods are in some way sponsored, connected, owned or otherwise associated with Plaintiffs, in violation of the common law of Pennsylvania.

63. As a result of Defendants' use of the name "The Chubby Checker," Plaintiffs' reputation and goodwill have been and will be damaged, and Defendants have wrongfully profited from their imitation and infringement of Plaintiffs' CHUBBY CHECKER marks.

## COUNT VI
## UNAUTHORIZED USE OF NAME OR LIKENESS (42 Pa.C.S. §8316)

64. Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

65. Plaintiffs are authorized to bring this action pursuant to 42 Pa.C.S. §8316.

66. Mr. Evans's distinctive and famous stage name and professional name CHUBBY CHECKER, which is associated in the public's mind with the name, likeness and persona of Mr. Evans, has significant commercial value, which has been developed by over fifty (50) years of continuous use and advertisement.

67. Defendants have unlawfully misappropriated and used the CHUBBY CHECKER name in the above-identified app being offered for sale and/or download by Defendants without the consent of Plaintiffs, for commercial and advertising purposes.

68. Additionally, Defendants had actual knowledge that they were using the CHUBBY

1  CHECKER name without any right, license or permission in connection with the app being offered
2  for sale and/or download via the World Wide Web. Accordingly, Defendants knowingly
3  misappropriated the CHUBBY CHECKER name in disregard for the rights and interests of
4  Plaintiffs in the name.

5      69.    Defendants knowing misappropriation of the CHUBBY CHECKER name
6  demonstrates flagrant disregard for Plaintiffs' interests therein warrants the imposition of punitive
7  damages against Defendants.

### COUNT VII
### UNAUTHORIZED USE OF NAME OR LIKENESS (CA CIVIL § 3344)

    70.    Plaintiffs repeat and re-allege each of the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

    71.    Plaintiffs are authorized to bring this action pursuant to Ca. Civil § 3344.

    72.    The distinctive and famous name CHUBBY CHECKER has significant commercial value, which has been developed by over fifty (50) years of continuous use and advertisement.

    73.    Defendants have unlawfully misappropriated and used the CHUBBY CHECKER name in the above-identified app being offered for sale and/or download by Defendants without the consent of Plaintiffs, for commercial and advertising purposes.

    74.    Defendants engaged in the complained of conduct within the State of California including, without limitation, contracting with the producer of the app, approving the app for sale on their website and app store through their approval process, maintaining and operating the website and app store from their offices, selling the app and hosting the data, website and app store through which the app can be downloaded, all within and from the State of California.

    75.    Additionally, Defendants had actual knowledge that they were using the CHUBBY CHECKER name without any right, license or permission in connection with the app being offered for sale and/or download via the World Wide Web. Accordingly, Defendants knowingly misappropriated the CHUBBY CHECKER name in disregard for the rights and interests of

_____
AMENDED COMPLAINT
CASE NO. 13-CV-02477-JCV

Plaintiffs in the name.

76. Defendants knowing misappropriation of the CHUBBY CHECKER name demonstrates flagrant disregard for Plaintiff's interests therein warrants the imposition of punitive damages against Defendants.

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

1. An order immediately and preliminarily enjoining and restraining during the pendency of this action, and thereafter permanently enjoining and restraining Defendants, their agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them from:

   a. Using the name CHUBBY CHECKER or any name, term or mark similar thereto or any confusingly similar designation alone or in combination with other terms, as a trademark, trade name component or otherwise, as a domain name, directory name, or other such computer addresses, and as the name of Defendants' web sites, to market, advertise or identify Defendants' goods and services;

   b. Otherwise infringing Plaintiffs' marks employing the name CHUBBY CHECKER therein;

   c. Unfairly competing with Plaintiffs in any manner whatsoever;

   d. Causing likelihood of confusion, injury to Plaintiffs' business reputation, or dilution of the distinctive quality, trademarks, family of trademarks and or trade dress by any unauthorized use of the same; and

   e. Using the name or likeness of Mr. Evans or his professional and stage name CHUBBY CHECKER or any similar name which directly or indirectly refers, portrays, characterizes, conjures up images of or associates with any of the Plaintiffs.

2. An order requiring Defendants to deliver and destroy all devices, computer hardware and software, files, menus, hard drives, servers, diskettes and backups, literature, advertisements, packages, labels, signs, prints, wrappers, receptacles, and all other materials

---
AMENDED COMPLAINT
CASE NO. 13-CV-02477-JCV

and products in the possession of Defendants bearing the name and/or mark CHUBBY CHECKER in them, and all plates, molds, matrices and other means of making the same.

3. An order requiring Defendants to notify in writing and direct to their internet service provider(s), web host(s) and all publishers of directories or lists, including Internet search engines, in which the Defendants' use of the names and marks employing CHUBBY CHECKER appear, to delete all references to said names and marks from their public databases, search engine directories, directory assistance and from all future directories in which said names and marks are to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing names and marks employing CHUBBY CHECKER.

4. An order requiring Defendants to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction and order.

5. An order requiring Defendants to account for and pay over to Plaintiffs all damages sustained by Plaintiffs by reason of Defendants' unlawful acts alleged herein, plus interest thereon, and that such damages be trebled, as provided by law.

6. An order requiring Defendants to account for and pay over to Plaintiffs all profits realized directly or indirectly by Defendants directly or indirectly related to the subject app and to other products and services, the sales of which have been enhanced directly or indirectly from the subject app or otherwise by reason of Defendants' unlawful acts alleged herein, and that such amounts be trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

7. An enhancement of any monetary award based on profits which this Court, in its discretion, finds just pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

8. Defendants be required to pay Plaintiffs punitive damages pursuant to CA CIVIL § 3344 or as may be otherwise permitted by law or in the discretion of this Court.

9. Plaintiffs have and recover their reasonable attorneys' fees incurred in this litigation pursuant to 15 U.S.C. § 1117(a)(3), CA CIVIL § 3344 or other applicable law.

10. Plaintiffs have and recover their taxable costs and other costs, expenses and disbursements incurred herein.

11. Plaintiffs have such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

DATED: June 19, 2013                    **/s/ James Leonard Brown**
                                        JAMES LEONARD BROWN
                                        *Attorney for Plaintiffs*

                                        Michael I. Santucci (Florida Bar No. 105260)
                                        *Attorney for Plaintiffs (pro hac vice admission pending)*
                                        E-mail: mis@500law.com
                                        SANTUCCI PRIORE, P.L.
                                        200 South Andrews Avenue, Suite 100
                                        Fort Lauderdale, FL 33301
                                        Telephone: 954-351-7474
                                        Facsimile: 954-351-7475

                                        Willie E. Gary (Florida Bar No. 187843)
                                        *Attorney for Plaintiffs (pro hac vice application pending filing)*
                                        E-mail: weg@williegary.com
                                        GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.
                                        221 E. Osceola Street
                                        Stuart, FL 34994
                                        Telephone: 772-283-8260
                                        Facsimile: 772-220-3343

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on June 19, 2013 with a copy of this document via the Court's CM/ECF system.

                                        **/s/ James Leonard Brown**
                                        JAMES LEONARD BROWN

---

AMENDED COMPLAINT
CASE NO. 13-CV-02477-JCV