Michael I. Santucci (Florida Bar No. 105260)
Admitted *Pro Hac Vice*
mis@500law.com
SANTUCCI PRIORE, P.L.
200 South Andrews Avenue, Suite 100
Fort Lauderdale, Florida 33301
Telephone 954-351-7474
Facsimile: 954-351-7475

James Leonard Brown, Esq. - SBN 40702
jameslbrownlaw@yahoo.com
LAW OFFICE OF JAMES LEONARD BROWN, APC
5900 Wilshire Boulevard, Suite 2645
Los Angeles, CA 90036-5028
Telephone: 213-251-2332
Facsimile: 213-607-1456

Attorneys for Plaintiffs, ERNEST EVANS,
THE LAST TWIST, INC., and THE ERNEST
EVANS CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST EVANS, an individual, THE LAST TWIST INC., a Pennsylvania for Profit Company, and THE ERNEST EVANS CORPORATION, a Pennsylvania for Profit Company,<br><br>      Plaintiffs,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware for Profit Company and PALM, INC., a Delaware for Profit Company,<br><br>      Defendants. | Case No. 3:13-CV-02477-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  August 15, 2013<br>Time:  8:00 a.m.<br>Ctrm:  8 - 19th Floor<br>Judge:  Honorable William H. Alsup |

### JOINT CASE MANAGEMENT STATEMENT

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, Rule 16-9 of the Local rules of the United States District Court for the Northern District of California, and the Court's Order Requiring Parties to Meet and File Joint Case Management Statements, Plaintiffs, ERNEST EVANS, THE LAST TWIST, INC., and THE ERNEST EVANS CORPORATION (hereinafter, collectively, referred to as "Plaintiffs") and Defendants HEWLETT-PACKARD COMPANY and PALM, INC. (hereinafter, collectively, referred to as "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), by and through their respective undersigned attorneys, hereby submit the following Joint Case Management Statement.

## I.   JURISDICTION and SERVICE

**a. Subject Matter Jurisdiction.** This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. Plaintiffs contend that this Court also has jurisdiction over this action under 28 U.S.C. §1332, as there is diversity of citizenship between Plaintiffs and Defendants.  In addition, the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00). Defendants dispute that the amount in controversy exceeds $75,000.  This Court has jurisdiction over the common law claims herein under 28 U.S.C.§1338(b), because those claims are joined with a substantial and related claim under the Trademark Act of 1946, as amended, 15 U.S.C. §§1051 et seq.

**b**. **Personal Jurisdiction and Venue.** This Court has jurisdiction over the Defendants in this action by consent, and because each Defendant is either domiciled or maintains its principal place of business is in this judicial district, and because the Defendants regularly engage in business in this judicial district and throughout the entire United States. Venue is proper in this district pursuant to 28 U.S.C. §1391(a), by consent, because Defendants are domiciled or their principal place of business is in this judicial district, and because the Defendants regularly engage in business in this judicial district and throughout the entire United States.

## II.   FACTS

**Plaintiffs' Statement**

Plaintiff, ERNEST EVANS is a famous entertainer who is professionally known as "Chubby Checker."  Plaintiffs THE LAST TWIST, INC. and THE ERNEST EVANS CORPORATION are business

entities owned by Plaintiff ERNEST EVANS and who either own or license various famous trademarks and service marks which consist of or incorporate the stage name CHUBBY CHECKER.

Defendant, PALM, INC., is a wholly-owned subsidiary of Defendant HEWLETT-PACKARD COMPANY.  Defendants make, sell and license computer software, smart phones and other devices worldwide.  Defendants have knowingly invaded upon Plaintiff ERNEST EVANS's publicity rights, and have knowingly diluted, infringed, disparaged and tarnished the famous trademarks and service marks of the Plaintiffs by approving, accepting, uploading, downloading, hosting, advertising, selling, offering for sale, supporting  and maintaining a software application, commonly known as an "app" for its smart phone device called "The Chubby Checker" which is advertised as an app which enables the user to measure the size of a man's penis.

Plaintiffs' name, marks and brand have been diluted, tarnished, disparaged and otherwise damaged as a result of the Defendants' activities described above.  Defendants have received revenues in connection with the subject app, and the advertisement of the app is believed to have directly enhanced sales of other products and services of the Defendants.  Although the Defendants claim to have stopped selling the app, Plaintiffs remain unsatisfied and Defendants continued to make reference to the app after the date the claim sales ceased.

**Defendants' Statement**

The "App" in question, the "Chubby Checker," was created and named by a third party developer. Defendants had no involvement in creating or naming the App.  The App was made available by that third party for download from PALM, INC.'s App Catalog.  Until receiving a "cease and desist" letter from Plaintiffs' counsel, Defendants had no knowledge of Plaintiffs' claimed trademarks, or that the App's developers were not licensed to use those marks.  Upon receiving the cease and desist letter, Defendant PALM, INC. immediately removed the App from the Catalog, and Defendants have had no further involvement with the App, its sale to the public, or the developer.  In the period of time the App was available for download from the Palm App Catalog, 88 copies were downloaded, at a retail price of $0.99 per copy. Defendants' total gross income from downloads of the App was $16.58.

III. **Legal Issues**
     **Plaintiffs' Statement**

Plaintiffs have alleged both direct and contributory liability for trademark infringement, dilution and use of ERNEST EVANSø name and publicity rights. Therefore, the first primary point of law in dispute is whether Defendants can be held directly liable for their acts given their õhands-onö policy and procedure of approving each and every software app created for Defendants own smart phones, which they sell on their websites and given the other direct, affirmative acts alleged. To whatever extent the y are not, the remaining issues will be whether Defendantsø activities rise to the level of actionable contributory infringement[1] and whether they are passive enough to entitle Defendants to a safe harbor under § 230 of the Communications Decency Act. *See Fraley v. Facebook*, 830 F. Supp. 2d 785 (N.D. Cal. 2011).

The parties are in disagreement as to whether the õinnocent publisher defenseö will create a sanctuary for the Defendants. *See L'anza Research Int'l, Inc., v. Quality King Distribs., Inc.*, 98 F. 3d 1109, 1112 (9th Cir. 1996), rev'd on other grounds *sub nom Quality King Distribs., Inc. v. L'anza Research Int'l, Inc.*, 523 U.S. 135 (1998).

The parties also do not agree as to whether Plaintiffs will be entitled to the relief requested for the dilution, infringement and unauthorized uses despite the relatively minimal sales Defendants have represented to date. *See* 15 U.S.C. § 1125(c); *Moseley v. Victoria Secret Catalogue, Inc.*, 537 U.S. 418, 433-434, 123 S.Ct. 1115 (2003); *Baugh v. CBS, Inc.*, 828 F. Supp. 745, 753 (N.D. Cal. 1993) [other citations omitted for brevity].

Finally, the parties are in disagreement as to whether Plaintiffs can afford themselves of the protections of California law given that the majority of the complained of conduct occurred in California, despite the fact that they are Pennsylvania residents. *Arno v. Club Med. Inc.*, 22 F. 3d 1464, 1467 (9th Cir.

---

[1] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, Ltd., 545 U.S. 913, 930 (2005); <u>*Fonovisa, Inc. v. Cherry Auction, Inc.*</u>, 76 F.3d 259, 264-65 (9th Cir. 1996).

1994); *Insurance Co. of N. Am. v. Federal Express Corp.*, 189 F.3d 914.920 (9th Cir. 1999).

**Defendants' Statement.**

Plaintiffs' trademark claims are claims of contributory infringement, based on sales of a product created and branded by a third party. Plaintiffs' trademark claims are claims of contributory infringement, based on sales of a product created and branded by a third party. Under controlling law, such claims require knowing assistance or contribution. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 102 S. Ct. 2182, 72 L.Ed.2d 606 (1982)); *Mini Maid Services Co. v. Maid Brigade Systems, Inc.*, 967 F.2d 1516, 1522 (11th Cir.1992) ("any liability for contributory infringement will necessarily depend upon whether or not the contributing party intended to participate in the infringement or actually knew about the infringing activities.")

Defendants had no knowledge of Plaintiffs' claimed trademarks until Plaintiffs sent a "cease and desist" letter on September 6, 2012. Defendants removed the accused product from their App store within days of receiving that letter. Thus no trademark claim lies.

Plaintiffs' Pennsylvania Right of Publicity claim is expressly barred by its own immunity provision, 42 Pa. Cons. Stat. §8316(d). Plaintiffs' state law claims are also barred by Communications Decency Act §230; *see Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007)

Plaintiffs' California right of publicity claims are similarly barred by Section 230. In addition, they are barred because each Plaintiff is a Pennsylvania domiciliary. California choice of law rules apply the right of publicity laws of the plaintiff's home state. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1145 n.3 (9th Cir. 2002) (right of publicity suits in California are governed by the law of the plaintiff's domicile, not California law: right of publicity is property and "is deemed to follow the person of its owner, and is governed by the law of his domicile."); see also *Hebrew Univ. of Jerusalem v. Gen. Motors LLC*, 878 F. Supp. 2d 1021, 1027 (C.D. Cal. 2012) (same).

**IV.    Motions**

**a. Pending Motions**. Defendants' Motion to Dismiss First Amended Complaint, calendared for August 15, 2013 [DE-50]. The Motion is fully briefed.

**b. Anticipated Motions.**

**Plaintiffs' Statement.** Plaintiffs anticipate the possibility of filing a motion for partial summary judgment on one or more of Defendants' affirmative defenses which Defendants indicated they will assert.

**Defendants' Statement.** In the event this case proceeds beyond the pleadings stage, Defendants anticipate moving for summary judgment when appropriate.

V.    <u>Amendment of Pleadings</u>

Plaintiffs anticipate possible amendments to the pleadings if one or more of Plaintiffs' claims are dismissed without prejudice and after initial discovery which might reveal the need for additional parties. Defendants have not yet answered the Complaint.

VI.   <u>Evidence Preservation</u>

Counsel have informed the Parties of their obligation to preserve all relevant evidence, including electronic evidence, in connection with this case.

VII.   <u>Disclosures</u>

Counsel for the Parties conducted an initial Rule 26(f) conference in person on April 2, 2013 and again by telephone on August 6, 2013 and August 8, 2013. Counsel plan to confer, in person, again on August 15, 2013. The Parties will make their initial disclosures pursuant to Rule 26(f) on August 12, 2013.

VIII.   <u>Discovery</u>

Discovery has not yet commenced. The Parties anticipate depositions, interrogatories, document requests, requests for admissions and other discovery. The Parties do not expect the need for any modifications to the applicable federal or local rules, other than Plaintiffs possibly seeking expansion of the number of depositions. Defendants do not believe an expansion of the number of depositions is appropriate. This will be determined once the Parties engage in initial discovery and determine the number of potential witnesses. The Parties shall attempt to agree to a stipulated e-discovery order and a proposed discovery plan. At this time, there are no pending discovery disputes, as discovery has not begun, nor are any anticipated.

IX.   <u>Class Action</u>

This is not a class action.

JOINT CASE MANAGEMENT STATEMENT / CASE NO. 3:13-CV-02477-WHA

**X.    Related Cases**

The Parties are not aware of any related cases or proceedings.

**XI.    Relief**

**Plaintiffs' Statement.** Plaintiffs are seeking injunctive relief to enjoin and restrain the complained of conduct and affirmative relief to require Defendants take certain actions to remedy their unauthorized use of Plaintiffs' name, likeness and/or trademarks. Plaintiffs are seeking an award of damages equal to the diminished value of the Plaintiffsø name, marks, brand and businesses. A valuation of Plaintiffs' actual damages is expected to require expert analysis and testimony and is expected to be calculated based on one of the three (3) recognized business valuation theories. Plaintiffs lost profits calculations will require discovery from the Defendants and possibly expert testimony and therefore have not yet been determined. Plaintiffs expect to apply a projected growth rate to their losses to the actual damages and to Defendants' profits proved at trial, reduced to present value through a date near or identical to the date of trial. Plaintiffs also seek exemplary damages pursuant to their various state law claims. Discovery is required to quantify such claims.

Plaintiffs seek the following relief in their amended complaint:

1. An order preliminarily enjoining during the pendency of this action, and thereafter permanently enjoining and restraining Defendants from using the name CHUBBY CHECKER or any name, term or mark similar thereto.

2. An order requiring Defendants to deliver and destroy all devices, computer hardware and software, files, menus, hard drives, servers, diskettes and backups, literature, advertisements, packages, labels, signs, prints, wrappers, receptacles, and all other materials and products in the possession of Defendants bearing the name and/or mark CHUBBY CHECKER.

3. An order requiring Defendants to notify in writing and direct to their internet service provider(s), web host(s) and all publishers of directories or lists, including Internet search engines, in which the Defendants' use of the names and marks employing CHUBBY CHECKER appear, to delete all references to said names and marks from their pubic databases, search engine directories, directory assistance and from all future directories in which said names and marks are to appear, and to delete all forwarding or "cache memory."

4. An order requiring Defendants to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the inunction and order.

5. An order requiring Defendants to account for and pay over to Plaintiffs all damages sustained by Plaintiffs by reason of Defendants' unlawful acts alleged herein, plus interest thereon, and that such damages be trebled, as provided by law.

6. An order requiring Defendants to account for any pay over to Plaintiffs all profits realized directly or indirectly by Defendants directly or indirectly related to the subject app and to other products and services, the sales of which have been enhanced directly or indirectly from the subject app or otherwise by reason of Defendants' unlawful acts alleged herein, and that such amounts by trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

7. An enhancement of any monetary award based on profits which this Court, in its discretion, finds just pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

8. Defendants be required to pay Plaintiffs punitive damages pursuant to CA CIVIL § 3344 or as may be otherwise permitted by law or in the discretion of this Court.

9. Plaintiffs have and recover their reasonable attorney's fees incurred in this litigation pursuant to 15 U.S.C. § 1117(a)(3), CA CIVIL § 3344 or other applicable law.

10. Plaintiffs have and recover their taxable costs and other costs, expenses and disbursements incurred herein.

11. Plaintiffs have such other and further relief as the Court may deem just and appropriate.

**Defendants' Statement**

Plaintiffs are not entitled to any relief.  Defendants reserve the right to seek attorney's fees under the Lanham Act's "exceptional case" provisions.

XII.   <u>**Settlement and ADR**</u>

On various dates since this action was initiated, counsel for the Parties conferred regarding the prospects for compromise or settlement of claims and defenses. The Parties have discussed settlement in good faith and will continue such efforts periodically throughout the course of action. The Parties believe that this case will be best postured for more formal mediation after resolution of the pending Motion to Dismiss

8

First Amended Complaint [DE-50] and after the Parties conduct discovery and exchange reports of their damages experts.

**XIII.**   **Consent to Magistrate Judge For All Purposes**

The Parties have not agreed to proceed before a magistrate judge for all purposes.

**XIV.**   **Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.**   **Narrowing of Issues**

The Parties believe that summaries of financial records can be created and relied upon at trial in lieu of presentation of actual financial records in an effort to expedite trial.  The Parties also believe that some facts may be stipulated to at trial.

**XVI.**   **Expedited Trial Procedure**

The Parties do not believe that this case should be handled on an expedited basis.

**XVII.**   **Scheduling**

The Parties propose the following schedule:

(a) The Initial Case Management Conference – August 15, 2013

(b) Expert reports on matters for which each party bears the burden –  March 14, 2014

(c) Rebuttal expert reports– April 4, 2014

(d) The deadline to complete all discovery – May 5, 2014

(e) Request a pretrial conference and trial date on or after – August 4, 2014

**XVIII.**   **Trial**

Plaintiffs have demanded a jury trial. At this time, the Parties anticipate that the trial can be completed within five (5) court days.

**XIX.**   **Disclosure of Non-party Interested Entities or Persons**

The Parties filed corporate disclosure statements prior to transfer to this District.  Dkt. Nos. 7, 8, 19. Plaintiffs have identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the

outcome of the proceedings:

Ernest Evans

The Last Twist, Inc.

The Ernest Evans Corporation

Santucci Priore, P.L.

Michael I. Santucci, P.A.

Michael I. Santucci

Joseph V. Priore, P.A.

Joseph V. Priore

Gary, Williams, Parenti, Watson & Gary, P.L.

Willie E. Gary

Other than the named Defendants, no other persons or entities related to the Defendants have (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceedings.

**XX.     Other Matters to Facilitate the Just, Speedy and Inexpensive Disposition of This Matter.**

To facilitate the just and inexpensive disposition of this matter, Plaintiffs propose that counsel for Plaintiffs be granted permission to appear at some hearings telephonically since Plaintiffs and their primary counsel are located on the east coast.

Dated:  August 8, 2013

Respectfully submitted,

**SANTUCCI PRIORE, P.L**.
*Attorneys for Plaintiffs*
200 South Andrews Avenue, Suite 100
Fort Lauderdale, FL 33301
Telephone: 954-351-7474
Facsimile: 954-351-7475

By:  _____*/s/ Michael I. Santucci*_____
Michael I. Santucci (Florida Bar No. 105260)
mis@500law.com
(Admitted *Pro Hac Vice*)

James Leonard Brown, Esq. - SBN 40702
jameslbrownlaw@yahoo.com
LAW OFFICE OF JAMES LEONARD BROWN,
APC
5900 Wilshire Boulevard, Suite 2645
Los Angeles, CA 90036-5028
Telephone: 213-251-2332
Facsimile: 213-607-1456

Willie E. Gary (Florida Bar No. 187843)
Attorney for Plaintiffs (admitted *pro hac vice*)
E-mail: weg@williegary.com
GARY, WILLIAMS, PARENTI, WATSON &
GARY, P.L.
221 E. Osceola Street
Stuart, FL 34994
Telephone: 772-283-8260
Facsimile: 772-220-3343

DURIE TANGRI LLP
Michael H. Page (SBN 154913)
mpage@durietangri.com
Joseph C. Gratz (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

By:  ___*/s/ Michael H. Page*___
   Michael H. Page (SBN 154913)
   mpage@durietangri.com

Dated:  August 8, 2013

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on August 9, 2013 with a copy of this document via the Court's CM/ECF system.

/s/ Michael I. Santucci
Michael I. Santucci