Michael I. Santucci (Florida Bar No. 105260)
Admitted *Pro Hac Vice*
mis@500law.com
SANTUCCI PRIORE, P.L.
200 South Andrews Avenue, Suite 100
Fort Lauderdale, Florida 33301
Telephone: 954-351-7474
Facsimile: 954-351-7475

Attorneys for Plaintiffs, ERNEST EVANS,
THE LAST TWIST, INC., and THE ERNEST
EVANS CORPORATION

DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
LAURA E. MILLER (SBN 271713)
lmiller@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  415-362-6666
Facsimile:  415-236-6300

Attorneys for Defendants
HEWLETT-PACKARD COMPANY and PALM, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST EVANS, an individual, THE LAST TWIST INC., a Pennsylvania for Profit Company, and THE ERNEST EVANS CORPORATION, a Pennsylvania for Profit Company,<br><br>                    Plaintiffs,<br><br>     v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware for Profit Company and PALM, INC., a Delaware for Profit Company,<br><br>                    Defendants. | Case No. 3:13-CV-02477-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Ctrm:   11 - 19th Floor<br>Judge:   Honorable James Donato |

1

### JOINT CASE MANAGEMENT STATEMENT

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, Rule 16-9 of the Local rules of the United States District Court for the Northern District of California, and the Court's Order requiring the parties to file a Joint Case Management Statement, Plaintiffs, ERNEST EVANS, THE LAST TWIST, INC., and THE ERNEST EVANS CORPORATION (hereinafter, collectively, referred to as "Plaintiffs") and Defendants HEWLETT-PACKARD COMPANY and PALM, INC. (hereinafter, collectively, referred to as "Defendants") (Plaintiff and Defendants collectively referred to as the "parties"), by and through their respective undersigned attorneys, hereby submit the following Joint Case Management Statement.

### I.  JURISDICTION and SERVICE

**a. Subject Matter Jurisdiction.** This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 (a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. Plaintiffs contend that this Court also has jurisdiction over this action under 28 U.S.C. §1332, as there is diversity of citizenship between Plaintiffs and Defendants.  In addition, the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000.00). Defendants dispute that the amount in controversy exceeds $75,000.

**b**. **Personal Jurisdiction and Venue.** This Court has jurisdiction over the Defendants in this action by consent, and because each Defendant is either domiciled or maintains its principal place of business is in this judicial district, and because the Defendants regularly engage in business in this judicial district and throughout the entire United States. Venue is proper in this district pursuant to 28 U.S.C. §1391(a), by consent, because Defendants are domiciled or their principal place of business is in this judicial district, and because the Defendants regularly engage in business in this judicial district and throughout the entire United States.

### II.  FACTS

**Plaintiffs' Statement**

Plaintiff, ERNEST EVANS is a famous entertainer who is professionally known as "Chubby Checker." Plaintiffs THE LAST TWIST, INC. and THE ERNEST EVANS CORPORATION are business entities owned by Plaintiff ERNEST EVANS and who either own, control, license or exploit various famous

trademarks and service marks which consist of, or incorporate the stage name CHUBBY CHECKER.

Defendant, PALM, INC., is a wholly-owned subsidiary of Defendant HEWLETT-PACKARD COMPANY. Defendants make, sell and license computer software, smart phones and other devices worldwide. Defendants have knowingly invaded upon Plaintiff ERNEST EVANS's publicity rights, caused him emotional distress and have knowingly diluted, infringed, disparaged and tarnished the famous trademarks and service marks of the Plaintiffs by approving, accepting, uploading, downloading, hosting, advertising, selling, offering for sale, supporting and maintaining a software application, commonly known as an "App" for its smart phone device called "The Chubby Checker", which is advertised as an app which enables the user to measure the size of a man's penis.

Plaintiffs' name, marks and brand have been diluted, tarnished, disparaged and otherwise damaged as a result of the Defendants' activities described above. Defendants have received revenues in connection with the subject app, and the advertisement of the app is believed to have directly enhanced the sales of other products and services of the Defendants. Although the Defendants claim to have stopped selling the app, Plaintiffs remain unsatisfied and Defendants continued to make reference to the app after the date they claim sales ceased.

**Defendant's Statement**

The "App" in question, the "Chubby Checker," was created and named by a third party developer. Defendants had no involvement in creating, naming, describing, or advertising the App.  The App was made available by that third party for download from Palm's App Catalog.  Until receiving a "cease and desist" letter from Plaintiffs' counsel, Defendants had no knowledge of Plaintiffs' claimed trademarks, or that the App's developers were not licensed to use those marks.  Upon receiving the cease and desist letter, Palm immediately (within 48 hours) removed the App from the Catalog, and Defendants have had no further involvement with the App, its sale to the public, or the developer.  In the period of time the App was available for download from the Palm App Catalog, 88 copies were downloaded, at a retail price ranging from $0.50 to $0.99 per copy.  Defendants' total gross income from downloads of the App was $16.58.  Defendants are unaware of any sale of the App, by anyone, by any means, subsequent to HP receiving the initial and only "cease and desist" letter from Plaintiffs in September 2012, twenty-two months after Plaintiffs admit having become aware of the App's existence in December 2010.

III.   **Legal Issues**

**Plaintiffs' Statement**

Plaintiffs have, or attempted to allege both direct and contributory liability for trademark infringement, dilution and use of ERNEST EVANS' name and publicity rights, and claims for recovery for emotional distress and other personal damages suffered by ERNEST EVANS. Therefore, the first primary point of law in dispute is whether Defendants can be held directly liable for their acts given their "hands-on" policy and procedure of approving each and controlling content for every software app created for Defendants own smart phones, which they sell on their websites and given the other direct, affirmative acts alleged. To whatever extent they are not, the remaining issues will be whether Defendants' activities rise to the level of actionable contributory infringement and whether they are passive enough to entitle Defendants to a safe harbor under Section 230 of the Communications Decency Act. *See Fraley v. Facebook*, 830 F. Supp. 2d 785 (N.D. Cal. 2011).

The parties also do not agree as to whether Plaintiffs will be entitled to the relief requested for dilution, infringement and unauthorized uses despite the relatively minimal sales Defendants have represented to date. See 15 U.S.C. § 1125(c); *Mosley v. Victoria Secret Catalogue, Inc.*, 537 U.S. 418, 433-434, 123 S.Ct 1115 (2003); *Baugh v. CBS Inc.,* 828 F. Supp. 745, 753 (N.D. Cal 1993) [other citations omitted for brevity]. Set forth below are the disputed points of law:

Count I (Federal Trademark Infringement) Whether Defendants directly engaged in the unauthorized use of the name and mark CHUBBY CHECKER, which is likely to cause confusion, deception, or mistake as to the source of various goods and services and as to a connection, affiliation, relation, or endorsement by one or more of the Plaintiffs, all of which to the damage of Plaintiffs, or whether they contributed to such acts or induced same.

Count II (Federal Trademark Dilution) Whether Defendants use in interstate commerce of the name CHUBBY CHECKER is a violation of the Federal Trademark Dilution Act of 1995, as amended, 15 U.S.C. 1125(c).

Count III (Federal Unfair Competition) Whether Defendants use of "The Chubby Checker" is a false designation of origin, which is in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

4

**Defendant's Statement**

Even assuming that Plaintiffs could establish a trademark claim against the (apparently now defunct) author of the App at issue (a doubtful proposition at best), Plaintiffs' trademark claims against HP and Palm are claims of contributory infringement, based on sales of a product created and branded by a third party. Under controlling law, such claims require knowing assistance or contribution. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 102 S. Ct. 2182, 72 L.Ed.2d 606 (1982)); *Mini Maid Services Co. v. Maid Brigade Systems, Inc.*, 967 F.2d 1516, 1522 (11th Cir.1992) ("any liability for contributory infringement will necessarily depend upon whether or not the contributing party intended to participate in the infringement or actually knew about the infringing activities.")

Defendants had no knowledge of Plaintiffs' claimed trademarks until Plaintiffs sent a "cease and desist" letter on September 6, 2012. Defendants removed the accused product from their App store within days of receiving that letter. Thus no trademark claim lies.

Plaintiffs' remaining state law claims have been dismissed pursuant to Communications Decency Act Section 230, and their subsequent motion for leave to amend to resuscitate their state law claims was denied.

Defendants have filed a counterclaim for trade libel against all Plaintiffs, based on a widely disseminated and demonstrably false press release issued by Plaintiffs' counsel, acting as Plaintiffs; agent. That press release false accused HP and Palm of "bad business dealings," and alleged that "despite numerous attempts to cease the 'app,' Hewlett Packard refused to dismantle the operation and therefore, continues to perpetuate degrading and derogatory content . . . . ." Those statements were knowingly false, are not subject to litigation privilege, and constitute libel *per se*.

IV.    **Motions**

A.    **Prior Motions.**

In June 2013, Defendants moved to dismiss all claims. Defendants' Motion to Dismiss First Amended Complaint [DE-50]. Defendants' motion was granted in part and denied in part [DE-67]. Specifically, Defendants' motion to dismiss plaintiffs' trademark infringement claims was denied. Plaintiffs' state law claims were held barred by the preemption provision in Section 230 of the Communications Decency Act.

Therefore, Defendants' motion to dismiss Plaintiffs' four state law claims was granted.

On August 30, 2013 Plaintiffs' filed their Motion for Leave to file Second Amended Complaint [DE-71] and Second Amended Complaint and Demand for Jury Trial [DE-71-2]. On October 10, 2014, the Court entered an Order Denying Motion for Leave to File Second Amended Complaint [DE-82] without prejudice.

**B. Pending Motions**.

Currently, there are no pending motions.

**C. Anticipated Motions**

**Plaintiffs' Statement:** Plaintiffs anticipate the possibility of filing a motion for partial summary judgment on one or more of Defendants' affirmative defenses which Defendants indicated they will assert.

**Defendant's Statement:** Defendants anticipate bringing a motion for summary adjudication of liability on their counterclaim shortly after taking Plaintiffs' depositions.

**V.    Amendment of Pleadings**

Plaintiffs anticipate possible amendments to the pleadings after discovery is complete. The parties do not anticipate adding any new parties, claims, or defenses.

The deadline to add new parties or pleading amendments ordered by this Court was December 31, 2013.

**VI.   Evidence Preservation**

Counsel have informed the Parties of their obligation to preserve all relevant evidence, including electronic evidence, in connection with this case.

**VII.  Disclosures**

Counsel for Plaintiffs and Defendants conducted an initial Rule 26(f) conference in person on April 2, 2013 and again by telephone on August 6, 2013 and August 8, 2013. The Parties exchanged initial disclosures on August 12, 2013. On August 23, 2013, Plaintiffs served Supplemental Initial Disclosures and Defendants served its First Amended Rule 26 Disclosures.

**VIII. Discovery**

Fact discovery is due to be completed by June 27, 2014. The parties have not completed depositions. The parties do not expect the need for any modifications to the applicable federal or local rules. Defendants have scheduled depositions for May 15, 2014 and May 21, 2014. At this time, the parties have been

discussing and attempting to resolve their discovery disputes.

**IX.   Class Action**

This is not a class action.

**X.   Related Cases**

The Parties are not aware of any related cases or proceedings.

**XI.   Relief**

**Plaintiffs' Statement.**

Plaintiffs are seeking injunctive relief to enjoin and restrain the complained of conduct and affirmative relief to require Defendants take certain actions to remedy their unauthorized use of Plaintiffs' name, likeness and/or trademarks. Plaintiffs are seeking an award of damages equal to the diminished value of the Plaintiffs' name, marks, brand and businesses. A valuation of Plaintiffs' actual damages requires expert analysis and testimony and is expected to be calculated based on one of three (3) recognized business valuation theories. Plaintiffs lost profits calculations will require discovery from the Defendants and possibly expert testimony and therefore have not yet been determined. Plaintiffs expect to apply a projected growth rate to their losses to the actual damages and to Defendants' profits proved at trial, reduced to present value through a date near or identical to the date of trial. Plaintiffs have been precluded from seeking exemplary damages pursuant to various state law claims without prejudice.

 Plaintiffs seek the following relief in their amended complaint:

1. An order preliminarily enjoining during the pendency of this action, and thereafter permanently enjoining and restraining Defendants from using the name CHUBBY CHECKER or any name, term or mark similar thereto.

2. An order requiring Defendants to deliver and destroy all devices, computer hardware and software, files, menus, hard drives, servers, diskettes and backups, literature, advertisements, packages, labels, signs, prints, wrappers, receptacles, and all other materials and products in the possession of Defendants bearing the name and/or mark CHUBBY CHECKER.

3. An order requiring Defendants to notify in writing and direct to their internet service provider(s), web host(s) and all publishers of directories or lists, including Internet search engines, in which the Defendants' use of the names and marks employing CHUBBY CHECKER appear, to delete all references to

said names and marks from their pubic databases, search engine directories, directory assistance and from all future directories in which said names and marks are to appear, and to delete all forwarding or "cache memory."

4. An order requiring Defendants to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the inunction and order.

5. An order requiring Defendants to account for and pay over to Plaintiffs all damages sustained by Plaintiffs by reason of Defendants' unlawful acts alleged herein, plus interest thereon, and that such damages be trebled, as provided by law.

6. An order requiring Defendants to account for any pay over to Plaintiffs all profits realized directly or indirectly by Defendants directly or indirectly related to the subject app and to other products and services, the sales of which have been enhanced directly or indirectly from the subject app or otherwise by reason of Defendants' unlawful acts alleged herein, and that such amounts by trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

7. An enhancement of any monetary award based on profits which this Court, in its discretion, finds just pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

8. Punitive damages pursuant to CA CIVIL § 3344 or as may be otherwise permitted by law or in the discretion of this Court, if said claim is permitted to be asserted.

9. Reasonable attorney's fees incurred in this litigation pursuant to 15 U.S.C. § 1117(a)(3), CA CIVIL § 3344 or other applicable law.

10. Plaintiffs' taxable costs and other costs, expenses and disbursements incurred herein.

11. Such other and further relief as the Court may deem just and appropriate.

**Defendants' Statement**

Defendants seek damages according to proof for Plaintiffs' trade libel.

**XII.   Settlement and ADR**

On various dates since this action was initiated, counsel for the Parties conferred regarding the prospects for compromise or settlement of claims and defenses. The Parties have discussed settlement in good faith and will continue such efforts periodically throughout the course of action. A settlement conference is

scheduled for May 14, 2014 before the Honorable Kandis A. Westmore.

## XIII.    Consent to Magistrate Judge For All Purposes

The Parties have not agreed to proceed before a magistrate judge for all purposes.

## XIV.    Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    Narrowing of Issues

The parties believe that summaries of financial records can be created and relied upon at trial in lieu of presentation of actual financial records in an effort to expedite trial. The parties also believe that some facts may be stipulated to at trial.

## XVI.    Expedited Trial Procedure

The parties do not believe that this case should be handled on an expedited basis.

## XVII.    Scheduling

The initial Case Management Scheduling Order [DE-68] set the following deadlines:

(a) Leave to add new parties or pleading amendments: December 31, 2013

(b) Non-expert discovery cut-off date: June 27, 2014

(c) The last date for designation of expert testimony and disclosure of full expert reports: June 27, 2014 ("opening reports"). Within fourteen calendar dates thereafter, all other parties must disclose any expert reports on the same issues ("opposition reports"). Within seven calendar days thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports. The cutoff for all expert discovery shall be fourteen calendar days after the deadline for reply reports. At least 28 calendar days before the due date for opening reports, the parties shall serve a list of issues on which it will offer any expert testimony in its case-in-chief.

(d) Dispositive motions: August 7, 2014

(e) Final pretrial Conference: October 1, 2014 at 2:00 P.M.

(f) Jury Trial: October 6, 2014 at 7:30 A.M.

## XVIII. Trial

Plaintiffs have demanded a jury trial. At this time, Plaintiffs anticipate that the trial can be completed

within five (5) court days.

## XIX.    Disclosure of Non-party Interested Entities or Persons

The parties filed corporate disclosure statements prior to transfer to this District [DE-7] [DE-8] [DE-19]. Plaintiffs have identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceedings:

Ernest Evans

The Last Twist, Inc.

The Ernest Evans Corporation

Santucci Priore, P.L.

Michael I. Santucci, P.A.

Michael I. Santucci

Joseph V. Priore, P.A.

Joseph V. Priore

Gary, Williams, Parenti, Watson & Gary, P.L.

Willie E. Gary

## XX.    Other Matters to Facilitate the Just, Speedy and Inexpensive Disposition of this Matter

To facilitate the just and inexpensive disposition of this matter, Plaintiffs propose that counsel for Plaintiffs be granted permission to appear at some hearings telephonically since Plaintiffs and their primary counsel are located on the east coast.  Defendants oppose that request as to any substantive hearings, and note that Plaintiffs have local counsel, but have no objection to telephonic appearances for nonsubstantive hearings such as case management and scheduling conferences.

Dated: May 1, 2014

Respectfully submitted,

**SANTUCCI PRIORE, P.L.**
*Attorneys for Plaintiffs*
200 South Andrews Avenue, Suite 100
Fort Lauderdale, FL 33301
Telephone: (954) 351-7474
Facsimile: (954) 351-7475

By: */s/ Michael I. Santucci*
Michael I. Santucci (Florida Bar No.105260)
mis@500law.com
docketing@500law.com
Admitted *Pro Hac Vice*

James Leonard Brown, Esq. SBN 40702
jameslbrownlaw@yahoo.com
LAW OFFICE OF JAMES LEONARD
BROWN, APC
5900 Wilshire Boulevard, Suite 2645
Los Angeles, CA 90036-5028
Telephone: (213) 251-2332
Facsimile: (213) 607-1456

Willie E. Gary (Florida Bar No. 187843)
Attorney for Plaintiffs
GARY, WILLIAMS, PARENTI, WATSON
& GARY, P.L.
weg@williegary.com
Admitted *Pro Hac Vice*
212 E. Osceola Street
Stuart, FL 34994
Telephone: (772) 283-8260
Facsimile: (772) 220-3343

DURIE TANGRI LLP
Michael H. Page (SBN 154913)
mpage@durietangri.com
Joseph C. Gratz (SBN 240676)
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Fascimile: 415-236-6300

By:  */s/ Michael H. Page*
Michael H. Page (SBN154913)
mpage@durietangri.com

11

1
2
3

## **CERTIFICATE OF SERVICE**

4
5

     I certify that all counsel of record is being served on May 1, 2014 with a copy of this document via the Court's CM/ECF system.

6

*/s/ Michael I. Santucci*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28